**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DON RINEHULS and**
**JUDITH RINEHULS, individually,**

      **Plaintiffs,**

                                     **Case No. 6:21-cv-0123-ACC-DCI**

**v.**

**HOLIDAY INN CLUB VACATIONS,**
**INC. f/k/a ORANGE LAKE COUNTRY**
**CLUB, INC.,**
**a foreign for-profit corporation,**

      **Defendant.**

_____

**REPORT AND RECOMMENDATION**

     **THIS CAUSE** comes before the Court for consideration of Plaintiff's Motion for Attorney Fees and Costs (Doc. 20), filed March 22, 2021.  As stated in this Report, it is respectfully recommended that the motion be **GRANTED**.

**I.     Introduction**

     On January 19, 2021 Don and Judith Rinehuls (Plaintiffs) filed a Complaint asserting claims against Defendants Holiday Inn Club Vacations (HICV) and Experian Information Solutions, Inc. (Experian).  Doc. 1. The Complaint alleged two counts: (1) violation of the Fair Credit Reporting Act by improperly reporting and verifying a consumer loan tradeline on Plaintiffs' consumer credit report; and (2) breach of a settlement agreement (the Agreement) by failing to delete a reporting of the relevant tradeline account.  Doc. 1 at 1-2.

     In response to Plaintiffs' complaint, Experian filed an Answer denying each allegation and HICV filed a motion to dismiss for failure to state a claim upon which relief could be granted.

Docs. 11, 15. Three weeks later, Plaintiff filed a notice of voluntary dismissal as to all claims against HICV, seeking to dismiss those claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(a)(i).  Doc. 16-17.  Then, on March 15, 2021, Plaintiffs and Experian filed a Joint Stipulation of Dismissal, seeking dismissal of the case without prejudice against Experian. Doc. 18-19.

On March 22, 2021, HICV filed a Motion for Attorney's Fees and Cost, seeking $5,000.00. Doc. 20 (the Motion).  In the Motion, HICV seeks attorney fees because the Agreement—which forms the basis of Count II of the Complaint—includes a provision that allows attorney fees and costs to the "prevailing party" in any action arising under the Agreement, and HICV asserts that under Florida law it is considered a "prevailing party" in this case.  Doc. 20.  In response, on April 19, 2021, Plaintiffs filed an Opposition to Defendant's Motion for Attorney Fees and Costs, asserting that under both FCRA and Florida law Defendants are not considered a prevailing party. Doc. 23 (the Opposition to Motion).

## II.   Discussion

HICV seeks an award of attorney fees and costs because—it asserts—it is the "prevailing party" under the fee-shifting provision of the Agreement.  Doc. 20.  Plaintiff disagrees.  Doc. 23 at 6-11.

The Agreement provides that:

> "In the event of any litigation arising under this Agreement, the prevailing Party shall be entitled to the recovery of all court costs and attorney's fees inclusive of court costs and attorney's fee incurred in any appellate proceedings."

Doc. 20-1 at 4 (Paragraph 11 of the Agreement).  The Agreement also contains a provision stating that the "Agreement is to be interpreted in accordance with the laws of the State of Florida." Exhibit A at 3.  The parties agree that the terms of the Agreement should be construed pursuant to Florida law.  *See* Doc. 23 at 6-11; Doc. 20 at 4-6.

But the parties disagree as to whether HICV should be considered the "prevailing party" in this action. Doc. 23 at 6-7; Doc. 20 at 5-6. HICV argues that it is the prevailing party and is entitled to attorney fees under the Agreement because Plaintiffs' voluntary dismissal of all claims against HICV rendered HICV the prevailing party in this action. *Id.* at 6 (citing *Alhambra Homeowners Ass'n, Inc. v. Asad*, 943 So. 2d 316, 318 (Fla. 4th DCA 2006)). Plaintiffs, on the other hand, maintain that HICV is not the prevailing party because it has not succeeded on any significant issue in this case and, therefore, under the Agreement, should not be awarded attorney fees and costs. Doc. 23 at 6-7 (citing *Harris v. Captiva*, 2008 WL 4911237 (M.D. Fla. Nov. 14, 2008).

It is well-established in Florida that when "a plaintiff voluntarily dismisses an action, the defendant is the prevailing party." *Thornber v. City of Fort Walton Beach,* 568 So.2d 914, 919 (Fla.1990); *see also Alhambra*, 943 So. 2d at 318 ("The general rule is that when a plaintiff voluntarily dismisses an action, the defendant is the 'prevailing party' within the meaning of statutory or contractual provisions awarding attorney's fees to the 'prevailing party' in the litigation.")*; see also Stuart Plaza, Ltd. v. Atlantic Coast Dev. Corp.,* 493 So.2d 1136, 1137 (Fla.Dist.Ct.App.1986) (noting that when a plaintiff takes a voluntary dismissal, the defendant is the prevailing party). Further, Florida law does not require a party to succeed on the merits to be considered a "prevailing party." *See Kamel v. Kenco/The Oaks at Boca Raton, LP,* 2008 WL 3471594 at *2 (S.D. Fla. Aug.11, 2008).

This principle—that a party can be considered the "prevailing party" even without a determination on the merits—has been applied to cases in which parties seek attorney fees under contractual agreements. For example, in *Martinez v. TRG Oasis (Tower Two) Ltd., LP*, another court in this District held that the defendants were considered the prevailing parties where

the contractual agreement at issue: (1) provided for attorney fees to the prevailing party; (2) required disputes arising under the agreement to be settled according to Florida law, and; (3) Florida law provided that a defendant be considered a prevailing party when the plaintiff voluntarily dismissed the claim under Rule 41(a). 2009 WL 774094, at *1 (M.D. Fla. Mar. 19, 2009).

Plaintiffs urge this Court to follow the federal standard for determining whether a party has "prevailed," as set forth in *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.,* 532 U.S. 598 (2001) (finding that petitioners were not prevailing parties and not entitled to attorney fees pursuant to 42 U.S.C. § 3613(c)(2) and 42 U.S.C. § 12205 after respondents voluntarily dismissed their claim under Rule 41(a)(1)) and *Smalbein v. City of Daytona Beach*, 353 F.3d 901 (11th Cir. 2003) (holding that in order for a party to be considered a "prevailing party" under 42 U.S.C. § 1988(b), a federal statute authorizing award of attorney fees in civil rights cases, there must be a court-ordered material alteration of the legal relationship of the parties necessary to permit an award of attorney's fees).[1]  But the cases cited by Plaintiffs are readily distinguishable because they were decided based upon interpretations of federal law rather than— as here—the interpretation of a contract governed by Florida law.  The Court finds persuasive those decisions applying Florida law in situations—such as the one here—for the purpose of determining whether a party "prevails" under the terms of a fee-shifting provision in a contract governed by Florida law.  *M&L Rest. Grp., LLC v. Atif Hosp. Concepts, LLC*, No. 8:17-CV-2119-

---

[1] The Court is not persuaded by Plaintiff's reliance on these cases. The case law on which Plaintiff relies nearly all involves the recovery of attorney fees and cost pursuant to federal fee-shifting statutes, rather than pursuant to contractual fee-shifting provisions, as is the case here.  Further, these cases define and analyze "prevailing party" under federal law, rather than under state law.

T-33TGW, 2018 WL 4608256, at *4 (M.D. Fla. Apr. 12, 2018)[2]; *but see* Doc. 23 at 6-11; *but see AmeriPath, Inc. v. Wetherington*, 2011 WL 3475367 (S.D. Fla. Aug. 9, 2011) (finding that defendant was not a prevailing party and thus not entitled to attorney's fees under an employment agreement because there had been no success on the significant issues in the litigation).

Here, Plaintiffs voluntarily dismissed their claims under Rule 41(a) after Plaintiffs and their counsel realized they "inadvertently mis-interpreted Plaintiffs' Experian credit reports as containing inaccurate credit report relating to a separate and unrelated timeshare account." Doc. 23 at 5. And, as HICV contends, the undersigned recommends that this voluntary dismissal renders HICV the prevailing party under Florida law, even without a determination on the merits. Thus, the prevailing party provision of the Agreement applies here.

Finally, Plaintiffs in their response construe the Motion to include a request for attorney fees pursuant to the FCRA. But HICV never makes such an argument. And if some passing reference within the Motion could be construed as such a request, it is perfunctory, insufficiently supported, and could not support such relief. *See* Local Rule 3.01(a) (requiring a legal memorandum in support of the relief requested in a motion).

Regardless, the FCRA provides that:

> Upon a finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall award prevailing party attorney's fees reasonable in relation to the work expended in responding to the pleading, motion, or other paper.

---

[2] In *M&L Rest. Grp., LLC v. Atif Hosp. Concepts, LLC*, a court in this District held that in cases involving the award of attorney fees and costs under contractual agreements that contain valid choice-of-law provisions, Florida substantive law would apply, not federal procedural law. *M&L Rest. Grp., LLC v. Atif Hosp. Concepts, LLC*, No. 8:17-CV-2119-T-33TGW, 2018 WL 4608256, at *2 (M.D. Fla. Apr. 12, 2018). The court found that plaintiff's voluntary dismissal pursuant to Rule 41(a)(1) rendered defendants as prevailing parties under Florida law. *Id.* at 3.

15 U.S.C. § 1681n(c); *see* Doc. 23 at 5.  Here, there is no need to conduct a prevailing party analysis under § 1681n(c) in order find whether HICV is entitled to attorney fees because—as Plaintiffs correctly state in their Opposition to Motion—Plaintiffs' actions do not rise to the level of bad faith or harassment as required by the statute.  Doc. 23 at 5.

### III.     Conclusion

Accordingly, it is **RECOMMENDED** that the Motion (Doc. 20) be **GRANTED** to the extent that HICV is entitled to its attorney fees and costs in this action pursuant to the Agreement, and that HICV be permitted 14 days to file a motion seeking quantification of that amount if the parties cannot agree amongst themselves as to the appropriate amount.

### <u>NOTICE TO PARTIES</u>

A party has fourteen days from this date to file written objection to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on August 9, 2021.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE